**NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER**

**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-21-0000640**
**27-MAR-2024**
**07:53 AM**
**Dkt. 67 SO**

NO. CAAP-21-0000640

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

J.D., Plaintiff-Appellee,
v.
D.D., Defendant-Appellant

APPEAL FROM THE FAMILY COURT OF THE THIRD CIRCUIT
(KONA DIVISION)
(CASE NO. 3DV19100038K)

SUMMARY DISPOSITION ORDER
(By: Leonard, Acting Chief Judge, McCullen and Guidry, JJ.)

Defendant-Appellant DD nka DG (**Mother**) appeals from a November 1, 2021 post-decree order entitled Order Re: (1) Defendant's Motion for Change of Custody to Joint, Physical & Legal Custody Filed March 21, 2021; (2) Defendant's Motion to Change Therapist Filed July 9, 2021; and (3) Defendant's Motion to Set Aside "Order Granting Plaintiff's Emergency Motion to Restrict Defendant's Visitation" Filed October 15, 2020 and "Order Regarding November 9, 2020 Hearing" Filed December 18, 2020 Pursuant to [Hawaiʻi Family Court Rules (**HFCR**) Rule 60(b)]

Filed July 9, 2021 (**Post-Decree Order**), entered by the Family Court of the Third Circuit, Kona Division (**Family Court**).[1]

The Family Court granted a decree of divorce to Plaintiff-Appellee JD (**Father**) in the September 24, 2019 Findings and Order After Partial Trial on September 19, 2019; Exhibits A & B (**Divorce Order**).[2] In the Divorce Order, the Family Court continued the issues of custody and visitation. On April 7, 2020, the Family Court entered its Divorce Decree (With Children) (**Divorce Decree**),[3] awarding Father legal and physical custody of the Children, with supervised visitation to Mother, as specified in the Divorce Decree. Mother did not file an appeal from the Divorce Decree.

Mother raises seven points of error on appeal, contending that the Family Court: (1) erred and abused its discretion when denying her HFCR Rule 60(b) motion to set aside previous orders; (2) erred and violated Mother's constitutional rights when the court denied her the opportunity to appointed counsel or to retain counsel, or both; (3) erred and abused its discretion when in the Post-Decree Order, it continued supervised visits; (4) erred when it determined that there was a finding Mother committed family violence; (5) erred and abused its discretion when it allowed Guardian ad Litem (**GAL**) Joanna Sokolow (**Sokolow**) to testify as to custody and visitation recommendations; (6) abused its discretion when it denied

---

[1] The Honorable Jill M. Hasegawa presiding.

[2] The Honorable Wendy M. DeWeese presided.

[3] The Honorable Wendy M. DeWeese presided.

Mother's motion for joint legal custody and/or access to the Children's school and school records; and (7) erred and abused its discretion when it ordered the Children to continue their individual therapy with Nancy Sallee (**Sallee**) until Children were clinically discharged and denied Mother's motion to change the Children's therapist.

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised, as well as the relevant legal authorities, we address Mother's points of error as follows:

As noted above, Mother did not file an appeal from the Divorce Decree which awarded Father custody and granted Mother limited visitation. However, several post-decree motions were filed, followed by Mother's Rule 60(b) Motion and the Post-Decree Order that is the subject of this appeal.[4]

(1) Mother contends that the Family Court abused its discretion and erred when it declined to set aside two prior post-decree orders temporarily limiting Mother's visitation with the Children. The Family Court entered these orders temporarily limiting Mother's visitation with the Children after receiving, *inter alia*, recommendations from the Children's therapist and alarming reports regarding Mother's behavior and the Children's well-being. After the reappointment of the GAL who had

---

[4] We note that on September 20, 2022, the Family Court entered a Stipulated Order Regarding Custody, providing that the parties will share joint physical and legal custody of the Children, effectively granting Mother the substantive relief regarding custody that she sought in various post-decree motions leading to the Post-Decree Order.

previously served in this case, visitation was incrementally reinstated, and ultimately restored to twice weekly supervised visitation, in addition to certain Facetime visitation.  The interim orders were entered after notice and hearings at which Mother participated.  Under the circumstances of this case, Mother's contentions that the interim orders violated her due process and parental rights is wholly without merit.

(2)  Mother contends that the Family Court violated her constitutional rights when it proceeded with the September 14, 2020 hearing without allowing her to first retain or be appointed counsel.  Upon review of the hearing transcript, Mother repeatedly objected to being unrepresented, but did not seek a continuance to retain counsel, instead arguing that she could not afford to hire an attorney.  On appeal, Mother contends that the right to counsel in child welfare cases for indigent parents should be extended to indigent parents, *inter alia*, in all custody cases.  There is no basis for this court to grant Mother's request.

(3)  Mother contends that the Family Court erred in the Post-Decree Order when it continued supervised visits without findings of fact or an adequate basis in the record that Mother was unable to act in the best interest of the Children.

As noted above, in the Divorce Decree, the Family Court granted legal and physical custody of the Children to Father, with supervised visitation to Mother.  Mother's request for discontinuation of supervision of her visitation was a request for a modification of the custody award.  Hawaii Revised Statutes

4

(**HRS**) § 571-46(a)(6) (2018) provides that "[a]ny custody award shall be subject to modification or change whenever the best interests of the child require or justify the modification or change[.]"  See generally Waldecker v. O'Scanlon, 137 Hawaiʻi 460, 375 P.3d 239 (2016).

Mother argues variously that the Family Court erred and abused its discretion in continuing supervised visitation, but makes no cogent argument that it was in the best interest of the Children to modify the custody award set forth in the Divorce Decree.  We conclude that Mother's third point of error is without merit.

(4)  Mother argues that the Family Court erred at the September 15, 2021 hearing on Mother's motion for post-decree relief because the Family Court stated that there was a finding of family violence, which raises a rebuttable presumption against placing the Children in joint custody with the perpetrator of violence, which was previously established by the court.  Mother contends that there was no opportunity to bring this error to the Family Court's attention prior to the court's order.  It appears, however, that there was ample back and forth between Mother's attorney and the Family Court after the court made this part of its oral explanation for its denial of Mother's request for significant modification of the custody and visitation order.  No objection was made, and this issue was not brought to the Family Court's attention.  Therefore, pursuant to Hawaiʻi Rules of Appellate Procedure Rule 28(b)(4)(iii), this point of error will be disregarded.

(5) Mother argues that the Family Court erred and abused its discretion by allowing Sokolow to testify beyond the scope of her report and to testify as to custody and visitation recommendations at the September 15, 2021 evidentiary hearing. While a GAL may be appointed to represent the best interest of a child pursuant to HRS § 571-46(a)(8), a GAL may only offer recommendations of child custody if they meet the requirements of a child custody evaluator under HRS § 571-46.4 (2018).[5] The statute requires the child custody evaluator to meet certain credentialing requirements. Id.

Here, however, Sokolow did not testify or render any opinion as to custody, and the Family Court did not allow Sokolow to testify as to custody or visitation recommendations. Sokolow

---

[5] HRS § 571-46.4 provides, in pertinent part:

**§ 571-46.4 Child custody evaluators; qualification; registry; complaints.** (a) A person may be appointed as a child custody evaluator for purposes of section 571-46 if the person is actively licensed as a:
    (1) Physician under chapter 453 and is a board certified psychiatrist or has completed a residency in psychiatry;
    (2) Psychologist under chapter 465;
    (3) Marriage and family therapist under chapter 451J; or
    (4) Clinical social worker under section 467E-7(3).
    (b) A person may be appointed as a child custody evaluator in the absence of a license under subsection (a) if:
    (1) The individual has obtained education and training that meet nationally recognized competencies and standards of practice in child custody evaluation; provided that there are no child custody evaluators enumerated under subsection (a) who are willing and available, within a reasonable period of time, to perform child custody evaluations; or
    (2) The parties stipulate to a person who does not qualify as a child custody evaluator under subsection (a) and the court approves that person as a fact-finding investigator to the court.

testified solely to the comments and personal observations that she documented in her first, second, and updated reports. In those reports, Sokolow did not make recommendations as to whether joint custody should be awarded and only commented on how the Children would respond to increased visitation.

For example, in the updated report, Sokolow states that "[v]isitation could be increased incrementally" because it would "allow for more enjoyable experiences for the children." This is not an opinion as to how the issue of visitation should be resolved. On cross-examination, Mother's counsel asked, "is it your position that it's the best interest of the children that supervised visits should go on indefinitely," in response to which Sokolow stated that it would not be in their best interest. Sokolow did not testify that she recommended the court should or should not continue supervised visits; rather, Sokolow answered counsel's question.

Mother does not point to any specific testimony in which Sokolow testified outside the scope of her reports.

We conclude that the Family Court did not abuse its discretion or err in permitting Sokolow's testimony.

(6) Mother argues that the Family Court abused its discretion when it denied Mother's motion for joint legal custody and/or access to the Children's school and school records. We take judicial notice of the fact that on September 20, 2022, Mother has since been awarded joint legal custody. Therefore, this court can no longer grant effective relief and this issue is

moot.  <u>See</u>, <u>e.g.</u>, <u>Bank of N.Y. Mellon v. R. Onaga, Inc.</u>, 140 Hawaiʻi 358, 365-66, 400 P.3d 559, 566-67 (2017).

(7)  Mother argues that the Family Court erred and abused its discretion when it ordered the Children to remain in therapy with Sallee until clinically discharged.  We take judicial notice of the fact that on September 20, 2022, the parties agreed and the Family Court ordered, *inter alia*, that Sallee be discharged.  Therefore, this court can no longer grant effective relief and this issue is moot.

In accordance with the above, to the extent that Mother's appeal from the November 1, 2021 Post-Decree Order is moot, this appeal is dismissed; the November 1, 2021 Post-Decree Order is otherwise affirmed.

DATED: Honolulu, Hawaiʻi, March 27, 2024.

On the briefs:

Michael S. Zola,
for Defendant-Appellant.

/s/ Katherine G. Leonard
Acting Chief Judge

/s/ Sonja M.P. McCullen
Associate Judge

/s/ Kimberly T. Guidry
Associate Judge